**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-53

UNITED STATES TAX COURT

JOHN JASON BOGNER AND JODY L. BOGNER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24242-12S.                    Filed June 16, 2014.

John Jason Bogner and Jody L. Bogner, pro sese.

Michael S. Hensley, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income tax of $5,775 and $5,276 for the tax years 2009 and 2010, respectively. Respondent also determined section 6662(a) accuracy-related penalties of $1,155 and $1,055 for 2009 and 2010, respectively.

The issues for decision are: (1) whether petitioners may deduct losses from John Jason Bogner's (hereinafter petitioner) rental real estate activities under the passive activity loss rules set forth in section 469, and (2) whether petitioners are liable for accuracy-related penalties under section 6662(a) for the years in issue.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts by this reference. At the time the petition was filed, petitioners resided in California.

Petitioner worked full time as a financial analyst for Northrop Grumman throughout the years in issue. Petitioner Jody L. Bogner worked as a full-time employee at International Rectifier during the years in issue. Petitioners had two children who were living with them.

Petitioner managed three rental properties during the years in issue. Petitioner owned one of the rental properties, and his father owned the other two. Petitioner's rental property was a 3,000-square-foot home, with five bedrooms and three bathrooms. This property was situated on an 8,900-square-foot lot. The two rental properties petitioner's father owned were single-family residences in residential suburban developments.

Petitioner maintained and managed these properties throughout the years in issue. Maintenance and management of the properties included repairing the properties, landscaping and mowing the yards, collecting rent, finding prospective tenants, doing market research, and performing various other services relating to the management and maintenance of rental properties.

On jointly filed Federal income tax returns for 2009 and 2010 petitioners reported rental property income and expenses on Schedules E, Supplemental Income and Loss, and deducted losses of $19,848 and $19,338, respectively. The Schedule E income was reported and expense deductions were claimed with respect to petitioner's rental property. In a notice of deficiency respondent determined that the claimed 2009 and 2010 loss deductions with respect to petitioner's rental property were subject to the passive loss limitations under

section 469.  Respondent also determined accuracy-related penalties under section 6662(a).

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioners did not assert that section 7491(a) applies.  See sec. 7491(a)(2)(A) and (B).  Therefore, petitioners bear the burden of proof.  See Rule 142(a).

## I.     Real Estate Professional

Section 469(a) generally disallows for the taxable year any passive activity loss.  A passive activity loss is the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year.  Sec. 469(d)(1).  A passive activity is any trade or business in which the taxpayer does not materially participate.  Sec. 469(c)(1).

Rental activity is generally treated as per se passive regardless of whether the taxpayer materially participates.  Sec. 469(c)(2).  However, the rental activity of a taxpayer is not treated as per se passive if the taxpayer satisfies the

requirements of section 469(c)(7)(B).  Sec. 469(c)(7)(A)(i).  A taxpayer qualifies

as a real estate professional and is not engaged in a per se passive activity if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B).  The term "real property trade or business" includes real

property rental, operation, and management.  Sec. 469(c)(7)(C).  In the case of a

joint return, the same spouse must satisfy each requirement.  Id.

Petitioner claimed he spent 1,780 hours and 1,789 hours working on the

rental properties in 2009 and 2010, respectively.  Petitioner further asserts that he

worked 1,760 hours and 1,752 hours in 2009 and 2010, respectively, as an

employee for Northrop Grumman.  In support of his assertions, petitioner provided

activity logs documenting the time he purportedly spent on the rental activities in

2009 and 2010 as well as a self-prepared timesheet of the hours that he worked for

Northrop Grumman.  Petitioner did not present any additional documents to

support the timesheets representing the hours that he purportedly worked for

Northrop Grumman nor for the activity log purportedly supporting services performed on the rental properties.[1]

Even if we assume that petitioner worked 1,760 hours and 1,752 hours in 2009 and 2010, respectively, for Northrop Grumman, we do not accept his activity log coupled with this testimony relating to the rental activities as reliable or credible. A review of the activity log and testimony relating to the rental activities leads us to the conclusion the petitioner did not spend more hours at the real estate activity than at his full-time employment at Northrop Grumman. According to petitioner's logs he spent almost every spare hour in those years working on the rental properties, including 10 hours on July 4 of each year, 12 and 10 hours on February 14, 2009 and 2010, respectively, and 9 and 10 hours, respectively, on December 25 of each year. Although he managed three rental properties in each year, throughout 2009 alone petitioner's records reflect that he repaired or worked on the sprinkler systems on any of the given properties on 64 separate occasions, and throughout 2010 he worked on sprinkler systems on 20 separate occasions. In addition, on March 16 and 17, 2009, the records reflect eight hours to prepare and

---

[1]A full-time job with a 40-hour work week would result in 2,080 reported hours of time worked over a one-year period, which would include paid vacation time and paid holidays. Petitioner did not adequately explain why or how his full-time employment at Northrop Grumman deviated from this norm.

deliver an eviction notice to be filed in court. Coincidentally, on March 15 and 16 of the next year, petitioner's records reflect that he performed the very same activity for the same exact amount of time. A review of petitioner's activity logs leads to the conclusion that the logs are inaccurate and exaggerated.

Given the lack of credible documentation and testimony and the exaggerated claims as to the amount of time petitioner spent on the rental properties, the Court concludes that petitioner did not establish that more than one-half of the personal services he performed related to real property trades or businesses. See sec. 469(c)(7)(B)(i). Even if we were to conclude that petitioner materially participated in real property trades or businesses, he has not satisfied the requirements of section 469(c)(7)(B)(i). Therefore, petitioner was engaged in a passive loss activity with respect to his rental property in 2009 and 2010.

## II. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax. "Negligence" includes any failure to make a reasonable attempt to comply with the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial

understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable cause for such portion and that he acted in good faith with respect thereto. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability; the knowledge and the experience of the taxpayer; and any reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the taxpayer's effort to assess the taxpayer's proper tax liability. Id.

The underpayments of tax required to be shown on petitioners' returns for 2009 and 2010 are attributable to negligence for their failure to keep adequate books and records or to substantiate their items properly. The underpayments are also the result of substantial understatements of income tax, because the understatements of $5,775 and $5,276 for 2009 and 2010, respectively, exceed

$5,000, which is greater than 10% of the tax required to be shown on the returns.[2] See sec. 6662(b)(2), (d)(1); sec. 1.6662-4(b)(1), Income Tax Regs. Respondent's burden of production has been satisfied. See sec. 7491(c). Accordingly, because respondent has met his burden of production, petitioners must come forward with persuasive evidence that the accuracy-related penalties should not be imposed with respect to the underpayments because they acted with reasonable cause and in good faith. See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner argued that his time log "proves" that he worked more than half of his time as a real estate professional, that he acted in good faith when he prepared petitioners' tax returns, and that "it basically gives me--this is a reasonable cause and a reasonable basis when I did my taxes."

Although petitioner claims he acted reasonably and in good faith with respect to his position that he was a real estate professional in the years in issue, we have concluded that his records are not accurate or reliable and that his testimony was not credible. Accordingly, we are satisfied that the underpayments were due to negligence. Petitioner offered no other argument or evidence to show that there was reasonable cause for the deductions claimed and that he acted in

---

[2]Petitioners reported tax due of $9,331 for 2009 and $13,219 for 2010.

good faith with respect to the underpayments.  Respondent's determination of accuracy-related penalties under section 6662(a) for 2009 and 2010 is sustained.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.